### Washington &c. vs. M'Gee

Error to the Christian Circuit; BENJ. SHACKELFORD, Judge.

Case 22.

*Parol contracts. Condition. Jurisdiction.*

Chief Justice BIBB delivered the opinion of the Court.

April 25.

IN 1817, M'Gee exhibited his bill against Washington, and the heirs of Beverly A Allen, for the conveyance of fifty acres of land, which the complainant claimed by virtue of a contract between said Beverly A. Allen and Kesler, dated 17th February, 1813, and an assignment thereof by said Kesler to the complainant, alleged as of the 7th October, 1813.

Bill of M'Gee against Washington and the heirs of Allen, for a conveyance of the land.

This contract is executory, Allen agreed to convey so soon as Kesler paid him therefor, one hundred dollars in work or services; but if Kesler thought fit to leave the land, Allen to pay him for all the work done on the land, and for work and services performed towards the price.

Abandonment of the contract and of the possession of the land according to a stipulation in the written agreement of purchase effectual, without being endorsed by writing.

Washington had obtained the title from Allen, as admitted by the bill, and denies any notice of the equity set up by the complainant. The heirs of Allen and Washington, deny that Kesler paid for the land, and insist upon an abandonment by Kesler of the contract, that by mutual consent the contract was dissolved, and that Kesler removed from the land. Washington alleges the assignment from Kesler to M'Gee was fraudulent and covenous, and made after he received his deed from Allen, in 1815, and denies any notice of the assignment to M'Gee, until the institution of his suit.

So far as respects this branch of the controversy, it is sufficient to say, that the complainant himself has given a death blow to his claim to the land, by proving affirmatively, that Kesler did agree with Allen to abandon the contract, according to the election given him, and that he did remove from the land, not having paid for it. He has totally failed to prove any notice to Washington of the assignment by Kesler, and it is directly in proof, that the assignment is antedated, so as to overreach Allen's deed to Washington, and the dissolution of the con-

<div style="margin-left-note">
WASHING-
TON, &c.
vs.
M'GEE.
</div>

tract between Kesler and Allen, for Kesler did not authorize his agent to sell his claim by virtue of that agreement, until long after he had dissolved the contract, abandoned the land, and had notice of the sale by Allen to Washington.

After the proof of the dissolution of the contract had been taken and filed in the cause, M'Gee amended his bill, and made Kesler a party, insisting that as the dissolution of the contract, was not by writing, but only by parol, it was not obligatory under the statute of frauds, but praying for a decree against Kesler for the value of the land, in case the court cannot decree the land specifically. Kesler was a non-resident, never answered, and the bill as to him was taken *pro confesso* upon order of publication duly executed. It is farther to be remarked, that all the defendants to the bill were residing without the limits of this Commonwealth.

The court decreed a conveyance by Washington to the complainant, and also that complainant pay to the heirs of Allen thirty dollars (in Commonwealth's paper,) with interest from 17th February, 1813, and all the defendants were ordered to pay costs.

*Case held to be not within the jurisdiction of the court of equity.*

As the decree against Washington and Allen's heirs is destitute of any plausible foundation, a question arises, what is to be done with the bill as to Kesler? Under the circumstances of the case, considering that Washington and Allen's heirs were absentees, as well as Kesler, and the latter has never answered nor submitted himself to the jurisdiction of the court, it does not seem proper to render any decree as to Kesler, as prayed for in the amended bill, as to that, there is no foundation for the jurisdiction of the court, whereon to ground a decree against Kesler; neither is the complainant entitled to the aid of a court of equity.

It seems to this court, that the complainant has failed totally to make out any equity against the defendant Washington, or against the heirs of Allen, and the complainant has not made a out a case which is cognizable in the courts of this Commonwealth,

against Kesler, who is a non-resident, neither has
the complainant exhibited himself in an attitude
which entitles him to the aid of a court of equity.

It is, therefore, ordered and decreed, that the said
decree of the circuit court be reversed, and that the
cause be remanded, with direction to dismiss the
bill with costs.

*Crittenden*, for plaintiffs.